United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANTHONY MARTINELLI, Petitioner, v. ROBERT NEUSCHMID, Respondent. | Case No. 18-cv-02610-JD **ORDER GRANTING MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY** Re: Dkt. No. 10 |

Robert Anthony Martinelli, a pro se state prisoner, filed a habeas petition under 28 U.S.C. § 2254. Respondent filed a motion to dismiss asserting that the sole claim in the petition, that petitioner received ineffective assistance from trial counsel for the failure to demurrer the criminal complaint, had not been exhausted. Petitioner responded and filed a motion for a stay, which the Court dismissed with leave for petitioner to amend to demonstrate good cause. Petitioner failed to file an amended motion for a stay but did submit documents indicating that the California Supreme Court had recently denied a habeas petition. The Court was uncertain what claim had been presented to the California Supreme Court so ordered petitioner to file a response and provided respondent the opportunity to also file a response. The parties have filed responses.

**BACKGROUND**

Petitioner was found guilty after a jury trial of residential burglary and attempted carjacking. *People v. Martinelli*, No. A151339, 2018 WL 330130, at *1 (Cal. Ct. App. Jan. 9, 2018). The jury also found that petitioner suffered two prior strike convictions. *Id*. Petitioner was sentenced to a prison term of 25 years to life. *Id*. On appeal to the California Court of Appeal, petitioner, represented by counsel, raised several claims but not the claim in this federal petition. *Id*. The California Court of Appeal affirmed the conviction. *Id*. Petitioner filed a pro se

United States District Court
Northern District of California

1 petition for review with the California Supreme Court. Motion to Dismiss ("MTD"), Ex. 1. The petition for review included the claim in this federal petition, but the claim had not been raised previously on appeal. *Id.* The California Supreme Court denied the petition for review. MTD, Ex. 2.

Petitioner has filed state habeas petitions in the Contra Costa County Superior Court, California Court of Appeal, and California Supreme Court. MTD, Exs. 3, 4; Respondent's Response (Docket No. 19), Ex. 7. None of these petitions raised the claim in this federal petition. *Id.*

## EXHAUSTION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process").

A federal claim is "fairly presented" to the state supreme court if it is raised by a procedural method that complies with the state appellate rules and involves a "permissible method of raising an issue in [the state supreme court]." *Farmer v. Baldwin*, 563 F.3d 1042, 1044 (9th Cir. 2009) (federal claims fairly presented when petitioner "complied with the appellate rules" by referring to brief with attachment containing federal claims in his petition for review before Oregon Supreme Court). To comply with the fair presentation requirement, a claim must be raised at every level of appellate review; raising a claim for the first time on discretionary review to the state's highest court is insufficient. *Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004) (holding that where petitioner only raised federal constitutional claim on appeal to the Washington State

Supreme Court, claim not fairly presented). It does not constitute "fair presentation" if the claim is raised by a procedural method which makes it unlikely that the claim will be considered on the merits. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (presentation by way of petition to state supreme court for allocatur, which under state procedure may be considered only when "there are special and important reasons therefor," insufficient to exhaust).

**DISCUSSION**

In this case, petitioner's ineffective assistance of counsel claim was not presented on direct appeal to the California Court of Appeal but was presented on a petition for review to the California Supreme Court. The Court notes that "on petition for review the [California] Supreme Court normally will not consider an issue that the petitioner failed to timely raise in the Court of Appeal." Cal. Rules of Court Rule 8.500(b) and (c). *See also Hill v. Cal. Bd. of Prison Hearings*, No. 06-3080 MMC, 2007 WL 2318976, at *2 (N.D. Cal. Aug. 10, 2007) (holding that a petitioner's federal claim, raised only in a petition for review to the California Supreme Court and denied without comment, was not "fairly presented" to the state courts and was therefore unexhausted); *Nichols v. Hartley*, No. 08-1017 OWC-BAK-GSA, 2009 WL 3153710, at *2-4 (E.D. Cal. Sept. 21, 2009) (same). Thus, the California Supreme Court did not review the claim.[1]

Because all California courts, including the California Supreme Court, have original habeas jurisdiction, a petitioner may properly exhaust a claim by raising it for the first time in an original petition for writ of habeas corpus filed with the California Supreme Court, even if the habeas petition is denied without comment. *See* Cal. Const. Art. 6, § 10. *See also Harris v. Super. Ct.*, 500 F.2d 1124, 1128 (9th Cir. 1974) (holding that "[t]here is now no reason to suppose that a postcard denial without opinion is indicative of anything but a decision on the merits of the petition, except where a citation in the order tells us so."). However, while petitioner later filed a

---

[1] The Court has reviewed the attorney-prepared appeal to the California Court of Appeal, and no claim in that appeal could be construed as the ineffective assistance of claim in the petition for review to the California Supreme Court and in this federal petition.

3

habeas petition with the California Supreme Court, the claims raised therein did not include the claim now raised in this federal petition.

The instant case is indistinguishable from *Casey*. Petitioner clearly styled his first filing in the California Supreme Court as a petition for review. MTD, Ex. 1. Petitioner's second filing to the California Supreme Court was labeled as a habeas petition (Respondent's Response, Ex. 7), but it did not contain the claim in this federal petition. Petitioner's filings indicate that he understands the differences between a petition for review and a habeas petition, and while he had the opportunity to exhaust this claim in state court, he failed to do so. Petitioner has also been provided multiple opportunities to file an amended motion for a stay and showing good cause for his failure to exhaust the claim, but he has failed to file the motion. This petition is unexhausted.[2]

**CONCLUSION**

1. Respondent's motion to dismiss (Docket No. 10) is **GRANTED** and this case is **DISMISSED** without prejudice as unexhausted. Petitioner may file a new petition when all of the claims he wishes to pursue have been exhausted.

2. A certificate of appealability ("COA") will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court declines to issue a COA regarding the procedural holding or the underlying claim of the petition.

**IT IS SO ORDERED.**

Dated: February 20, 2019

JAMES DONATO
United States District Judge

---

[2] Petitioner argues that he exhausted additional claims and they are now part of this federal petition. Petitioner is mistaken. This petition continues with the one claim noted above and petitioner has not sought to amend the petition to add any new claims. Even if newly exhausted claims were added, this would still be a mixed petition and petitioner has not filed an amended motion for a stay or argued to strike the unexhausted claim.

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANTHONY MARTINELLI,<br>    Plaintiff,<br>v.<br>ROBERT NEUSCHMID,<br>    Defendant. | Case No. 18-cv-02610-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 20, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert Anthony Martinelli ID: BC-9943
C.S.P. Solano A2-229 L
2100 Peabody Road
P.O. Box 4000
Vacaville, CA 95696

Dated: February 20, 2019

Susan Y. Soong
Clerk, United States District Court

By: *(signature)*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO

5